IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**OLUDARE OGUNDE,**

    **Plaintiff,**

v.                                               Civil Action No. 3:23cv882

**UR M. JADDOU,**

    **and**

**FRANK C. REFFEL,**

    **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff Oludare Ogunde's Motion to Reconsider Pursuant to [Federal Rule of Civil Procedure] 59(e) (the "Motion to Reconsider" or "Motion"). (ECF No. 28.) For the reasons articulated below, the Court will deny the Motion.

### I. Factual and Procedural Background

#### A. Summary of Allegations

In the Motion for Reconsideration, Mr. Ogunde seeks the same relief sought in his Petition for Judicial Review (the "Complaint"). (ECF No. 1.) As in his Complaint, Mr. Ogunde asks this court to reverse the United States Citizenship and Immigration Services' ("USCIS") denial of his Form N-400, Application for Naturalization (the "Application for Naturalization"). (ECF No. 28, at 1; *see also* ECF No. 1, at 1–2, 5.)

#### B. Procedural History

On December 28, 2023, Mr. Ogunde filed his Complaint, asking this court to: (1) review his Application for Naturalization; and (2) that the Court reverse USCIS's denial of his Application. (ECF No. 1, at 1–2, 5.)

On March 11, 2024, Defendants Ur M. Jaddou and Frank C. Reffel filed a Motion to Dismiss. (ECF No. 6.) On April 30, 2024, after the Court granted a 29-day extension of time for Mr. Ogunde to do so, (*see* ECF No. 10, at 1), Mr. Ogunde timely responded, (ECF No. 11), and Defendants replied, (ECF No. 12). On May 17, 2024, Mr. Ogunde filed a sur-reply entitled Plaintiff's Response to the Defendants' Reply to His Opposition to Their Motion to Dismiss (the "Sur-Reply"). (ECF No. 13.) On November 13, 2024, the Court granted the Motion to Dismiss. (ECF Nos. 26, 27.) Twenty-three days later, Mr. Ogunde timely filed the Motion for Reconsideration. (ECF No. 28.)

## II. Standard of Review

Because Mr. Ogunde proceeds *pro se*, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted)). "This principle of liberal construction, however, has its limits." *Suggs v. M & T Bank*, 230 F. Supp. 3d 458, 461 (E.D. Va. 2017), *aff'd sub nom. Suggs v. M&T Bank*, 694 F. App'x 180 (4th Cir. 2017). A *pro se* plaintiff must allege facts sufficient to state a cause of action. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (citation omitted). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims that the [litigant] failed to clearly raise on the face of [the] complaint." *Newkirk v. Circuit Ct. of Hampton*, No. 3:14cv372 (HEH), 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014).

## III. Analysis

Mr. Ogunde's Motion for Reconsideration fails to justify a reversal of this Court's November 13, 2024 Memorandum Opinion and Final Order. (ECF Nos. 26, 27.)

### A. Mr. Ogunde's Claims Do Not Require an Extraordinary Remedy As Provided for in Rule 59(e)

Mr. Ogunde's Motion for Reconsideration, although timely filed, solely rests on disagreement with the Court's prior decisions, and because he attempts to relitigate previously presented arguments, he fails to demonstrate a need for the extraordinary remedy Federal Rule of Civil Procedure 59(e) provides.

#### 1. Standard of Review: Rule 59(e)

Federal Rule of Civil Procedure 59(e) states, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). "The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). In short, "[a] party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion[.]" *Smith v. Donahoe*, 917 F. Supp. 2d 562, 572 (E.D. Va. 2013) (citing *Pac. Ins. Co.*, 148 F.3d at 403). Rule 59(e) does not "give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977) (observing that plaintiff's brief in support of his motion to alter or amend the judgment was "no more than an expression of a view of the law contrary to that set forth in the Court's opinion," and thus the court had no proper basis to alter or amend its previous order). "[T]he purpose of [a] Rule 59(e) motion is to allow a district court to correct its own errors,

3

sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Smith*, 917 F. Supp. 2d at 572 (internal quotation marks and citations omitted).

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Federal Rule of Civil Procedure 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhauser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991).

Given Mr. Ogunde's *pro se* status, the Court considers whether the Motion addresses a change in controlling law, the emergence of new evidence, or the prevention of manifest injustice—the three grounds for relief under Rule 59(e). *See id.* (citations omitted); *Bracey*, 55 F. Supp. 2d at 421.

### 2. The Court Must Deny the Motion for Reconsideration Because it Relitigates Old Claims and Fails to Satisfy Any of the Three Requirements under Rule 59(e)

The entirety of the entirety of Mr. Ogunde's Motion simply relitigates old arguments. Mr. Ogunde's Motion for Reconsideration falters on the first ground for relief because he does not argue that there has been "an intervening change in controlling law" since this Court's decision on November 13, 2024. *See Hutchinson*, 994 F.2d at 1081 (citations omitted). Second, he does not argue that there is any new evidence that was not previously available. *See id.* Third and finally, Mr. Ogunde fails to demonstrate a need to "correct a clear error of law or prevent manifest injustice." *Id.* Mr. Ogunde's Motion for Reconsideration merely raises the same issues and arguments already presented to and considered by the Court in its November 13, 2024 decision. (*See* ECF Nos. 11, 28.) As such, he fails to establish that this Court has erred in its ruling on the law.

4

To properly plead a Rule 59(e) motion, Mr. Ogunde must state "more than an expression of a view of the law contrary to that set forth in the Court's opinion." *See Durkin*, 444 F. Supp. at 889. He does not. Because the Motion for Reconsideration cannot meet any of the three grounds for relief under Rule 59(e), modification of the Court's November 13, 2024 Opinion would be an "extraordinary remedy" unwarranted in this case. *See Pac. Ins. Co.*, 148 F.3d at 403.

### IV. Conclusion

For the foregoing reasons, the Court will deny Mr. Ogunde's Motion for Reconsideration. (ECF No. 28.)

An appropriate Order shall issue.

Date: 12/18/24
Richmond, Virginia

/s/ M. Hannah Lauck
United States District Judge